IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED M. RASHAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1673 (RMC) |
| ) | |
| U.S. MARSHALS SERVICE et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNITED STATES MARSHALS SERVICE'S
MOTION TO DISMISS**

Defendant United States Marshals Service respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), to dismiss the Complaint because Plaintiff has failed to exhaust his administrative remedies as required to go forward with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  In support of this Motion, Defendant United States Marshals Service  refers the Court to the accompanying Memorandum of Points and Authorities and Declaration of Gerald Auerbach.  A proposed Order consistent with this Motion is also attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530


Of Counsel

Cedric D. Bullock
Associate General Counsel
United States Marshals Service

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED M. RASHAD,<br><br>Plaintiff,<br><br>v.<br><br>U.S. MARSHALS SERVICE et al.<br><br>Defendants. | Civil Action No. 07-1673 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED STATES MARSHALS SERVICE'S MOTION TO DISMISS**

Plaintiff, Khaled M. Rashad, filed this action and alleged that his civil and constitutional rights were violated while he was in the custody of the U.S. Marshals Service (USMS) when housed at the D.C. Jail (DCJ) and D.C. Central Detention Facility (DCCDF). Plaintiff was housed at the DCJ from October 11, 2006 to March 26, 2007. He was transported to the Metropolitan Correctional Center New York for a psychiatric examination where he stayed from March 26 to April 4, 2007. From April 4, 2007 through May 24, 2007, plaintiff was housed at the DCJ. He was then moved to the DCCDF, in which he is currently housed. Plaintiff was a federal pretrial detainee at all times relevant to his cause of action and was housed at the DCJ and DCCDF based on an Intergovernmental Agreement pursuant to 28 U.S.C. §§ 4002 and 4013(a)(3) as independent contract jails.

Plaintiff alleges in his complaint, <u>inter</u> <u>alia</u>, that his "legal papers" were lost and then destroyed by the DCJ while being "erroneously" transported by the USMS from the DCCDF to New York.  Complaint at part III, see also, Grievance Form attached as an exhibit to plaintiff's complaint.  The loss of property is alleged to have occurred during March 2007.  Plaintiff also contends that his constitutional rights were violated when he was denied telephone access during periods of his incarceration.

The Federal Tort Claims Act requires that Plaintiff initially file an administrative claim with the agency prior to suit in the District Court. As the Declaration of Gerald Auerbach sets forth, Plaintiff has filed no administrative claim under the Federal Tort Claims Act with the United States Marshals Service. [1]Accordingly, Plaintiff has not exhausted his administrative remedies as required to go forward with a Federal Tort Claims Act claim against the United States Marshals  Service and Plaintiff's claim must be dismissed.

## STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).  Where a motion to dismiss, however, presents a dispute over the factual basis for the

---

[1]Defendant submits the Declaration of Gerald Auerbach, in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims.  It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion.  <u>See</u> <u>Land v. Dollar</u>, 330 U.S. 731, 735 n.4 (1947); <u>Herbert v. National Academy of Sciences</u>, 974 F 2d. 192, 197-98 (D.C. Cir. 1992); <u>Bonterra America, Inc. v. Bestmann</u>, 907 F. Supp 4, 5 n. 1 (D.D.C. 1995); <u>see</u> <u>also</u>, <u>Holt v. United States</u>, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).

Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998). Plaintiff asserts no jurisdictional basis to support his claim for relief and this action should be dismissed.

## ARGUMENT

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." Nordic Village, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in a situation where a

plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed. Plaintiff's failure to properly adhere to the FTCA's administrative claim is fatal.

The FTCA defines the terms upon which the United States may be sued and "absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987). 28 U.S.C. § 2675(a) reads as follows: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA. McNeil v. United States, 508 U.S. 106, 111 (1993). "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command." Id. at 112. As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri, 782 F.2d at 245; see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely

filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

Plaintiff filed this lawsuit prior to presenting an administrative claim to the United States Marshals Service. See Auerbach Decl. At ¶¶ 4-5. This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Here, as Plaintiff filed this suit before presenting an administrative claim to the United States Marshals Service, this Court should conclude that Plaintiff has failed to follow the administrative claim prerequisites of the FTCA. For these reasons, the Court should find that Plaintiff failed to exhaust administrative remedies and dismiss this case for lack of subject matter jurisdiction.[2]

---

[2] Moreover, plaintiff's constitutional claims regarding telephone usage must be dismissed as sovereign immunity bars constitutional suits for money damages against government agencies. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
 United States Attorney


\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530



Of Counsel:

Cedric D. Bullock
Associate General Counsel
United States Marshals Service

6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED M. RASHAD ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | CIVIL ACTION No. 07-1673 RMC |
| ) | |
| D.C. CENTRAL DETENTION FACILITY ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

### DECLARATION OF GERALD M. AUERBACH

I, Gerald M. Auerbach, make the following declaration in lieu of an affidavit, as permitted by 28 U.S.C. § 1746. The information contained herein is based upon my personal knowledge:

    1. I am the General Counsel for the U.S. Marshals Service (USMS), Department of Justice, Arlington, Virginia and I am responsible for overseeing the administrative tort claims received by this office.

    2. This office is the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to the USMS under the Federal Tort Claims Act (FTCA). The FTCA is the exclusive administrative procedure for submitting claims to the USMS. All such claims are forwarded to the Office of General Counsel for disposition.

    3. As a routine business practice, this office maintains a record of each such claim. The claims are indexed by claimant.

    4. This office searched the FTCA claim records to determine whether a claim was presented to the USMS by or on behalf of plaintiff Khaled M. Rashad, arising out of the incidents described in his complaint.

     5. Our search did not reveal any FTCA claim presented to the USMS by or on behalf of plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Dated this 16th day of January, 2008.

*[signature]*

Gerald M. Auerbach
General Counsel
U.S. Marshals Service Headquarters
Washington, D.C. 20530-1000
(202) 307-9054

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALED M. RASHAD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>U.S. MARSHALS SERVICE et al. )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 07-1673 (RMC) |

**ORDER**

UPON CONSIDERATION OF Defendant United States Marshals Service's Motion to Dismiss, any Opposition thereto, and of the entire record, it is hereby

ORDERED that defendant United States Marshals Service's motion is GRANTED. It is

FURTHER ORDERED that Plaintiff's complaint is hereby dismissed against the United States Marshals Service.

_____
UNITED STATES DISTRICT JUDGE

cc:
WYNEVA JOHNSON
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530

KERSLYN D. FEATHERSTONE
Asst. Attorney General
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

KHALED M. RASHAD
D. C. Correctional Treatment Facility
DC 312-227
1901 E. Street, S.E.
Washington, D.C. 20003